# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Jefferson County Vision, Inc.,**
**Donald Sutherland, and William H. Adams,**
**Plaintiffs Below, Petitioners**

**vs.) No. 21-0443** (Jefferson County CC-19-2020-C-70)

**City of Ranson and Roxul USA, Inc. d/b/a Rockwool,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Jefferson County Vision, Inc., Donald Sutherland, and William H. Adams, by counsel Christopher P. Stroech, appeal the Circuit Court of Jefferson County's March 9, 2021, order granting Respondents City of Ranson and Roxul USA, Inc. d/b/a Rockwool's Motion to Intervene and the circuit court's April 30, 2020, dismissal order. Respondent City of Ranson ("Ranson"), by counsel Keith C. Gamble, and Roxul USA, Inc., d/b/a Rockwool ("Rockwool"), intervenor below, by counsel James A. Walls, Joseph V. Schaeffer, and James E. Simon, filed responses in support of the circuit court's orders. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Jefferson County Vision, Inc. ("JCV") is a West Virginia non-profit corporation which was formed for the purpose of preserving and protecting the quality of life for Jefferson County residents. Petitioners Sutherland and Adams are West Virginia residents who own real property near the property at issue in this appeal (the "subject property"). Respondent Rockwool produces stone wool insulation and has an industrial manufacturing facility in Ranson, West Virginia, which is situated on a property commonly referred to as Jefferson Orchards,[1] that was annexed into Ranson in 2004.

---

[1] Jefferson Orchards consisted of approximately four hundred acres and was zoned rural prior to annexation. In 2012, approximately 250 acres was rezoned from Rural Reserves to Smart Code – New Community.

In 2017, the Ranson City Council approved amendments to the Ranson Code. These amendments modified certain restrictions and limitations in a Special Use District. Per these amendments, height limitations would not apply to industrial smokestacks ("stacks") under Ordinance #2017-301 ("Stack Ordinance"). Prior to the adoption of this stack ordinance, Ranson published a single legal notice in a local newspaper, the Spirit of Jefferson and Farmer's Advocate Newspaper, on June 16, 2017, listing the suggested amendments to the Ranson Code.

In September of 2017, the Ranson City Council approved a zoning map classification change for the subject property that created a new Special Industrial District and modified the permitted use on the subject property from mixed residential and commercial to heavy industrial. This ordinance, Ordinance #2017-302, is known as the "Industrial District Ordinance."

Petitioners filed a complaint for declaratory judgment against Ranson on December 13, 2018 (JCV I). Petitioners' complaint in JCV I asserted two causes of action: a procedural violation of state law as to amendments made to the stack ordinance, which increased the permissible stack height; and procedural violations as to the industrial district ordinance, which authorized industrial use for Rockwool's manufacturing facility at the former Jefferson Orchards property in Ranson. In both of these causes of action, petitioner raised only procedural claims, and did not address the substance of the ordinances.[2] Respondent Rockwool moved to intervene in JCV I and filed a counterclaim for declaratory judgment.

In May of 2020, petitioners were granted leave in JCV I to correct a misnomer in the manner in which they identified Ranson as a defendant[3] and Rockwool. Petitioners' amended complaint did not raise any substantive claims, but instead focused on the same procedural issues raised in the original complaint. In a May 5, 2020, order, the circuit court addressed both causes of action asserted by petitioners. The circuit court granted defendants' motion for judgment on the pleadings as to plaintiff's stack ordinance claim. However, the circuit court denied defendants' motion for judgment on the pleadings as to the industrial district ordinance noting that "it appears the Industrial District Ordinance was enacted without the required notice under W. Va. Code § 8A-7-8 being provided." However, the circuit court further noted that the "matter may also be

---

[2] When reviewing the instant case, the circuit court referenced an earlier statement by petitioners' counsel from a dispositive motion hearing in JCV I wherein counsel acknowledged that petitioners were aware of potential substantive challenges to the ordinances but had chosen not to raise them:

> We've not made those claims in this case, but we absolutely think that the facility on that site absolutely deviates from the comprehensive plan, but again that's not necessarily in this case. We've not raised those issues, but the bottom line is if you're going to change the zoning classification of a piece of or parcel of property that next door you have to have adequate notice.

[3] The amended complaint changed the defendant's name from "Ranson City Council" to "City of Ranson".

rendered moot if Ranson were to simply re-enact the ordinance" with proper notice. On June 30, 2020, Ranson cured any procedural deficits affecting the industrial district ordinance by re-enacting the ordinance and later informed the court and counsel that it had re-enacted the industrial district ordinance following the notice procedures referenced in the court's May 5, 2020, order. Notably, no substantive changes were made to this ordinance prior to its re-adoption. On July 1, 2020, the court ordered petitioners to show cause as to why their case should not be dismissed as moot.

On July 15, 2020, petitioners asked the circuit court for leave to file a second amended complaint in JCV I to add substantive spot-zoning, contract-zoning, and comprehensive-plan claims against the stack and industrial district ordinances. The substantive challenges raised in the second amended complaint targeted not only the Rockwool facility, as the first improper industrial use, but also sought to prevent any further heavy industrial uses on the Jefferson Orchards parcel. Respondents objected to the proposed second amended complaint. The circuit court denied petitioner's motion to amend citing multiple grounds: prejudice to the parties, lack of diligence on the part of the movants; judicial estoppel; and futility, because the proposed amended complaint failed to state claims that could survive summary judgment.

An appeal followed. This Court affirmed the circuit court's denial of petitioners' motion to amend to file a second amended complaint and assert the substantive claims. *Jefferson County Vision, Inc.* v. *City of Ranson and Roxul USA, Inc.*, No. 20-0789, 2021 WL 4936515 (W. Va. Oct. 6, 2021) (memorandum decision).

During the pendency of the JCV I matter, petitioners filed the proposed second amended case from JCV I to initiate the subject case, JCV II. Petitioners conceded that this second complaint was initiated to avoid any adverse ruling on the motion to amend in JCV I. [4] Petitioners then filed a first amended complaint in this matter. Petitioners' first amended complaint in JCV II bore some differences from petitioners' original complaint. Namely, it purported to remove Rockwool as a defendant, however, a dismissal order was never entered dismissing the claims against Rockwool from the original complaint in JCV II. Additionally, the first amended complaint in JCV II asserted claims solely against the industrial district ordinance, therefore the amended complaint omitted the prior claims against the stack ordinance. Moreover, petitioners' first amended complaint in JCV II limited its claims against the industrial district ordinance to future industrial uses at Jefferson Orchards, specifically disclaiming any intent to contest Rockwool's use of its property for the Rockwool facility.

Although petitioners' first amended complaint in JCV II sought to carve the Rockwool facility from its requested relief, Rockwool moved to intervene. Over petitioners' objection, the circuit court granted Rockwool's motion to intervene in JCV II on March 9, 2021. Namely, the

---

[4] Petitioners' reply brief in JCV I provided that they filed JCV II to avoid any adverse ruling on their motion to amend:

> Plaintiffs filed a new Complaint, Civil Action No.: CC-19-2020-C-70, alleging the same substantive claims as raised herein on July 29, 2020. If the Court does not permit the requested amendment, plaintiffs will advance that proceeding.

3

circuit court ruled that Rockwool remained a defendant in JCV II because its omission from the first amended complaint had not operated as a dismissal in accordance with Rule 21 of the West Virginia Rules of Civil Procedure. Alternatively, the circuit court noted that if intervention was required for Rockwool to remain a party, Rockwool would be entitled to intervene as a matter of right because of the potential effect of the litigation on Rockwool's ability to operate, repair, or expand its operations would justify intervention as a matter of right pursuant to Rule 24(a)(1) of the West Virginia Rules of Civil Procedure.

While Rockwool's motion to intervene was pending, defendant Ranson moved to dismiss the first amended complaint in JCV II arguing that it was barred by the doctrines of judicial estoppel, laches, res judicata, and the West Virginia Governmental Tort Claims and Insurance Reform Act. After Rockwool was granted leave to intervene, Rockwool filed its own motion to dismiss the first amended complaint in JCV II, arguing that the complaint was barred by judicial estoppel and various standing doctrines, and claiming that the complaint failed to state a claim for which relief could be granted.

In April of 2021, the circuit court entered an order dismissing the case. The order recalled the procedural history of JCV I and petitioners' changed position on substantive claims that prompted the circuit court to deny amendment and enter the prior dismissal order in that case.

Petitioners appeal. On appeal, they argue that the circuit court improperly allowed Rockwool to intervene and that the court's dismissal on res judicata grounds was improper.

Initially, we review petitioners' argument that the court erred in allowing Rockwool to intervene in JCV II. As to this issue, the circuit court found, that if intervention was necessary,[5]

---

[5] In its order granting Rockwool's motion to intervene, the circuit court found that inasmuch as Rockwool was a party to the original JCV II complaint and there was never a dismissal order dismissing Rockwool from that action, Rockwool remained a defendant after the first amended complaint was filed. Specifically, the circuit court noted that

> "[a]lthough the Plaintiffs omitted ROCKWOOL as a party-defendant in their [first amended complaint], this did not operate as a dismissal because they failed to follow the requirements under Rule 21. *See* W.Va.R.Civ.P. 21 ("Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added **by order of the court** on motion of any party or of its own initiate at any stage of the action an on such terms as are just. Any claim against a party may be severed and proceeded with separately.")"

(Emphasis in original.)

Thus, per the circuit court, Rockwool did not need to intervene. Inasmuch as we find herein that the circuit court did not err allowing Rockwool to intervene, we need not address this issue.

Rockwool was entitled to intervene in the civil action pursuant to Rule 24(a)(1):[6]

> In this case, that unqualified right is found in the West Virginia Declaratory Judgments Act (UDJA) W. Va. Code § 55-13-11 *et seq.*, which states that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." W. Va. Code § 55-13-11.

> As the party that owns the project subject to this declaratory judgment action, and has indisputably claimed an interest in validity of the zoning classification that [petitioners] challenge here, ROCKWOOL possesses an unconditional statutory right to intervene.

We agree with the circuit court's reasoning. Accordingly, we find that the circuit court did not abuse its discretion when it granted Rockwool's motion to intervene.

Next, petitioners maintain that the court erred in dismissing their claims on res judicata grounds. Petitioners argue that res judicata does not apply to this case because JCV I was not a decision on the merits as to petitioners' substantive claims. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

This Court has recognized and discussed the doctrine of res judicata.

> Before the prosecution of a lawsuit may be barred on the basis of *res judicata,* three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, *Blake v. Charleston Area Medical Center*, 201 W. Va. 469, 498 S.E.2d 41 (1997).

The *Blake* decision is further instructive as it advised that "*res judicata* may operate to bar a subsequent proceeding even if the precise cause of action involved was not actually litigated in the former proceeding so long as the claim could have been raised and determined." *Id.* at 477, 498 S.E.2d at 49. In the order on appeal the circuit court concluded that the issues in JCV II could have been raised in JCV I. Specifically, the court noted that "[petitioners] could have included their substantive challenges to the ordinances from the outset of JCV I. But instead, [petitioners] repeatedly disavowed any intention to pursue substantive challenges in JCV I and, in so doing,

---

[6] Rule 24(a)(1) of the West Virginia Rules of Civil Procedure provides, in pertinent part, "[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this State confers an unconditional right to intervene[.]"

5

sought to and did persuade this [c]ourt to stave off ROCKWOOL's discovery efforts in support of its affirmative defenses."

Consistent with the circuit court's order, respondents argue that petitioners could have raised their substantive claims in JCV I, but made a strategic decision not to do so. We agree. Accordingly, pursuant to our established jurisprudence, we find that petitioners' may not now argue that there was no adjudication on the merits, precluding the application of res judicata. Instead, petitioners are barred by the doctrine of res judicata from now raising substantive claims that could have been raised in the earlier proceeding. Thus, the circuit court did not err.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 20, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment